FILED
U.S. DISTRICT COURT

2007 OCT 11  P 1: 51

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil Nos. 2:07 CV624 BSJ |
| Petitioner, | : | **REPORT AND RECOMMENDATION** |
| vs. | : | |
| JAMES BROWN, | : | Honorable Bruce S. Jenkins<br>Magistrate Judge Samuel Alba |
| Respondent. | : | |

The United States of America filed a petition to enforce its March 19, 2007, IRS Summons ("the Summons") pursuant to 26 U.S.C. §§ 7402(b) and 7604(a). The Summons sought Mr. Brown's recent financial information to determine whether and to what extent IRS could collect from Mr. Brown an outstanding tax debt that is currently due and owing to IRS. Judge Jenkins issued an Order to Show Cause ("OTSC") on September 10, 2007, which referred this matter to the undersigned under 28 U.S.C. § 636(b)(3).

The OTSC directed Mr. Brown to file a written response supported by sworn affidavits to the United States's Petition to Enforce the Summons ("the Petition") within ten days of the OTSC being served upon him. The OTSC also directed the undersigned to convene a hearing on October 9, 2007, at 9:30 a.m. to hear any arguments that would assist the undersigned in determining whether Mr. Brown has shown cause.

On October 3, 2007, Mr. Brown filed with this Court a document entitled "Petition to Quash Summons and Order to Show Cause with Memorandum by Affidavit to Be Incorporated by

Reference," (Docket No. 3), which asserted arguments that have been rejected by the Court of Appeals for the Tenth Circuit and several other federal courts as patently frivolous. The United States responded to Mr. Brown's document on October 5, 2007. (Docket No. 4).

On October 9, 2007, this Court convened a hearing at which Mr. Brown was present appearing *pro se*, and Petitioner was present appearing through Assistant United States Attorney Jared C. Bennett. Shortly before the hearing, Mr. Brown filed a reply to the United States' response. This Court considered the reply and found that it also contained arguments that have been rejected as patently frivolous.

At the hearing, both parties relied on their written submissions.

Based on the arguments and representations presented in the Petition, at the October 9, 2007, hearing, and in the parties' written submissions, the undersigned reports the following:

1. The United States has carried its burden of proof to enforce the Summons. Through the Summons and the declaration of the revenue officer that were attached to the Petition, the United States established that: (1) it sought the summoned information for a legitimate purpose; (2) the summoned information is relevant to the legitimate purpose; (3) the summoned information was not already in the possession of the United States; and (4) that the United States followed proper administrative procedures.

2. Once the United States has established its initial burden of proof, the burden shifts to Respondent to show why he should not be compelled to comply with the Summons. Mr. Brown has failed to carry this heavy burden. This Court denied Mr. Brown's petition to quash the summons because the United States has not waived its sovereign immunity to allow Mr. Brown to file a motion

to quash. In any event, even if this Court had jurisdiction to consider his arguments, this Court rejects them because Mr. Brown relies on arguments that have been rejected by several courts, including the Tenth Circuit, as patently frivolous. See, e.g. Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990); United States v. Maczka, 957 F.Supp. 988, 991 (W.D. Mich. 1996). At the hearing, I advised Mr. Brown that if he continued his assertion of these patently frivolous arguments, then he may be subject to sanctions from the Court. Furthermore, even those arguments that are not "patently frivolous," have failed to carry Mr. Brown's heavy burden to show cause why he should not be compelled to comply with the Summons.

For the foregoing reasons, I hereby recommend the following:

1. The District Court find that Respondent has failed to show cause why he should not be compelled to comply with the Summons; and

2. The District Court order Respondent to provide the IRS with the information required by the Summons, which includes documents and testimony, within five (5) days from the date that the District Court adopts this Report and Recommendation. The IRS offices are located at 50 South 200 East, Salt Lake City, Utah 84111.

Within ten (10) days after being served with a copy of this Report and Recommendation, a party may serve and file specific, written objections. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Judge to whom this case is assigned shall make a *de novo* determination upon the record of any portion of the undersigned's disposition to which specific written objection

has been made. The District Judge may accept, reject, or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

DATED this __10th__ day of October, 2007.

                              BY THE COURT:

                              _____
                              SAMUEL ALBA, Magistrate Judge
                              United States District Court